ORIGINAL



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HERNANDEZ-AVALOS,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Cr. No.  07-0860GT<br><br>**ORDER** |

On July 31, 2007, Defendant, Jesus Hernandez-Avalos ("Mr. Hernandez"), filed an Objection to this Court's Imposition of Supervised Release, which the Court assumes is a Motion to Modify his Sentence, presumably pursuant to 28 U.S.C. § 2255. For the reasons stated below, Mr. Hernandez's Objection/Motion is **DENIED.**

Mr. Hernandez correctly states that imposition of supervised release is not mandatory except under certain conditions which are not applicable in his case. 18 U.S.C. § 3583(a). Under § 3583 the court must consider the relevant factors set forth in § 3553(a). Id. However, Mr. Hernandez is incorrect in asserting that the Court must hold a "additional sentencing hearing" to determine

whether or not supervised release is appropriate. Mr. Hernandez is also incorrect in arguing that the term of supervised release is an "increased penalty." The Ninth Circuit has consistently held that supervised release is part of the original sentence and not an increased penalty. <u>United States v. Liero</u>, 298 F.3d 1175, 1178 (9th Cir. 2002). Since supervised release is part of the original sentence, an additional sentencing hearing is not required.

Additionally, the Court at the time of sentencing considered all the relevant factors in §3553(a) in determining Mr. Hernandez' term of imprisonment and term of supervised release. Hence, the imposition of supervised release in Mr. Hernandez' case comported with the statutory requirements. Accordingly,

**IT IS ORDERED** that Mr. Hernandez' Motion/Objection is **DENIED**.

1-24-08
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter